<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4898**

―――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JAMAILLE DEVON MIDGETTE,

             Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever, III, Chief District Judge. (4:12-cr-00029-D-1)

―――――――――

Submitted: June 28, 2013              Decided: July 25, 2013

―――――――――

Before WYNN, DIAZ, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Daniel Henry Johnson, WILLIS JOHNSON & NELSON, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaille Devon Midgette pled guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine (Count 1), and two counts of distribution of a quantity of cocaine (Counts 2, 3). He was sentenced to eighty-eight months of imprisonment for each offense to be served concurrently. On appeal, Midgette nominally raises five issues, but the gist of his appeal is that the district court miscalculated the drug weight attributable to him and as a result imposed a procedurally unreasonable sentence. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first must ensure that the district court committed no significant procedural error. Id. at 51. Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence, again using an abuse of discretion standard. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Midgette only alleges procedural error on appeal. In determining whether the district court committed any significant procedural error, we look to any failure in the calculation (or the improper calculation) of the Sentencing Guidelines range,

the treatment of the Guidelines as mandatory, the failure to consider the 18 U.S.C. § 3553(a) (2006) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence, including any deviation from the advisory Guidelines range. Gall, 552 U.S. at 51.

Here, the district court accepted the recommendations in the presentence report, including the drug amounts attributed to Midgette. We review a district court's calculation of drug amounts for clear error. See United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (providing review standard). The court primarily based its drug amount finding on evidence from Midgette's co-conspirator estimating the total amount of drugs involved in the conspiracy. An investigator testified at the sentencing hearing as to the reliability of the co-conspirator and we find the evidence was sufficiently reliable to support the district court's findings of the amounts at issue. United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010); see United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992) (noting that hearsay alone can provide sufficiently reliable evidence of drug quantity).

We find that the district court's explanation of its sentence was adequate, Rita v. United States, 551 U.S. 338, 356-57 (2007); United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010), especially in light of the fact that the eighty-

3

eight-month sentence was imposed within a properly calculated Sentencing Guidelines range of 78-97 months. A sentence within a properly calculated Guidelines range is afforded a presumption of reasonableness on appeal. Rita, 551 U.S. at 347; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Finally, the district court made an alternative finding that, even if it was incorrect in its drug amount findings, it would have imposed the same sentence based on an analysis of the § 3553(a) factors. The court specifically relied on our opinion in United States v. Savillon-Matute, 636 F.3d 119 (4th Cir. 2011), for this finding. See also United States v. Keene, 470 F.3d 1347 (11th Cir. 2006).

Accordingly, we find no clear error in the amount of drugs for which Midgette was held responsible, Slade, 631 F.3d at 188, and that his Guidelines range sentence was reasonable. Rita, 551 U.S. at 347. Thus, we affirm his sentence. We dispense with oral argument as the facts and legal contentions are adequately addressed in the materials before this court and oral argument would not aid the decisional process.

AFFIRMED